Gregory L. Weeks, Esq., CSB No. 58584
Email: gweeks@weeksnelson.com
Gregory K. Nelson, Esq., CSB No. 203029
Email: nelson@weeksnelson.com
Chandler G. Weeks, Esq., CSB No. 245503
Email: cgw@weeksnelson.com
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@weeksnelson.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RED.COM, INC., dba RED DIGITAL CINEMA**, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**WGI HOLDINGS, INC. dba WGI INNOVATIONS, LTD.**, a Texas corporation,<br><br>Defendant. | Case No.: **'13 CV 1490 WQH JMA**<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Red.com, Inc., dba Red Digital Cinema (hereinafter referred to as "RED" or "Plaintiff") hereby complains of Defendant WGI Holdings, Inc. (hereinafter referred to as "WGI" or "Defendant") and alleges as follows:

... ... ...

... ... ...

Complaint for Trademark Infringement

1

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), this claim having arisen and Defendant doing business in this district.

## THE PARTIES

2. Plaintiff RED is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 34 Parker, Irvine, California 92618, and doing business within this judicial district.

3. RED is informed and believes, and thereupon alleges that Defendant WGI Holdings, Inc. is a Texas corporation with its principal place of business located at 602 Fountain Parkway, Grand Prairie, Texas 75050. Further, RED is informed and advised that Defendant may be doing business as Wild Game Innovations, Ltd. RED is informed and believes, and thereupon alleges, that Defendant is doing business within this judicial district at least on its website, www.wildgameinnovations.com, and has been selling products, including the accused products, directly to retailers and consumers, and selling into the stream of commerce knowing such products would be sold in California and in this judicial district.

## FACTUAL BACKGROUND

4. Since at least 2005, RED has been and continues to be actively engaged in the design, development, manufacture and sale of high performance digital still and motion cinematography cameras, video equipment and accessories, digital editing software, video players and generally, imaging format technology used in the dissemination, broadcast, or transmission of video. Since the introduction of its revolutionary RED ONE® camera, RED's products have been used to film several blockbuster movies, as well as many other movies and television series. The RED camera and products have been one of the hottest items in the Hollywood industry.

Complaint for Trademark Infringement

2

5. RED is also the owner of U.S. Registered Trademark No. 3,703,504, for "RED" for "camera lenses" in Class 9. The registration issued on October 27, 2009. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 1.

6. RED is also the owner of U.S. Registered Trademark No. 3,732,638, for "RED" for "electronic data storage devices" in Class 39. The registration issued on December 29, 2009. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 2.

7. RED is also the owner of U.S. Registered Trademark No. 3,800,535, for "RED" for "batteries" in Class 9. The registration issued on June 8, 2010. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 3.

8. RED is also the owner of U.S. Registered Trademark No. 3,804,193, for "RED" for "electronic input/output modules for digital camera data transmission" in Class 9. The registration issued on June 15, 2010. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 4.

9. RED is also the owner of U.S. Registered Trademark No. 3,832,666, for "RED" for "electronic digital image sensors for use with digital cameras" on goods in Class 9. The registration issued on August 10, 2010. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 5.

10. RED's products, and their connection with the RED trademarks, have become, through public acceptance, a distinctive designation of the source of origin of goods offered by RED and an asset of incalculable value as a symbol of RED and its quality goods and good will. Since at least 2005, RED has expended money in the promotion of its company and RED products. As a result of these promotional efforts, both the trademarks above have become and are now known

to be connected to the mark and are recognized in this district and elsewhere as emanating from and authorized by RED.

11. RED's trademarks have been in continuous use and has never been abandoned, and are associated with the good will of the business of RED. RED continues to preserve and maintain its rights with respect to these trademarks.

12. RED is informed and believes, and thereupon alleges, that WGI is making, advertising, and/or selling products bearing the names "RED and REDUX." These products include "Micro RED 4," "Micro RED 6," "RED 2," "RED 4," and their accompanying "REDUX" technology. RED is informed and believes, and thereupon alleges, that each is described as having a digital camera sensor, lenses, electronic input/outputs, batteries, and/or other features typical of a digital still and motion cameras.

13. RED is informed and believes, and thereon alleges, that Defendant and its agents, employees, and servants have advertised and sold products bearing the trademarks referred to above, which advertisements and products sold are confusingly similar to that of the RED's trademarks, and are, therefore, an infringement of RED's above described trademarks.

14. WGI's marketing and advertising have exacerbated the likelihood of confusion between the RED and WGI products, and capitalizes on the goodwill and reputation associated with RED. RED is informed and believes, and thereupon alleges, that the marketing and sale of Defendant's RED cameras and accessories and REDUX technology by WGI will erode RED's incalculable goodwill associated with its trademarks, as asserted in this complaint.

15. RED is informed and believes, and thereupon alleges, that Defendant is on actual notice of RED's proprietary rights in its trademark based on Defendant's sale of cameras. Further, Defendant has received constructive notice of RED's trademarks as RED caused the trademarks to be placed plainly on advertisements and/or packaging. Despite this actual and constructive knowledge, Defendant has

1  continued to infringe RED's trademark rights. On information and belief, Defendant's infringement has been willful and wanton.

16. RED is further informed and believes and thereupon alleges that the presence of Defendant's products in the marketplace using the accused marks damages the value of RED's exclusive rights. The presence of the products in the marketplace using a mark that is the same or substantially similar to RED's trademarks is likely to diminish the apparent exclusivity of the genuine RED products thereby dissuading potential customers who otherwise would have sought RED products. Upon information and belief, RED alleges that such deception has misled and continues to mislead and confuse many of the purchasers to buy the products sold by Defendants and/or has misled non-purchasers to believe the products emanate from or are authorized by RED.

17. RED is informed and believes and thereupon alleges that the sale of Defendant's products using RED's trademarks will result in lost sales, reduce the business and profit of RED, and will greatly injure the general reputation of RED, all to RED's damage in an amount not yet fully determined.

18. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to RED, as are the exact amount of damages suffered by RED as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendant's actions are irreparably injuring RED and will continue unless and until enjoined by this court.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under 15 U.S.C. § 1114

19. The allegations of paragraphs 1 through 18 are repled and realleged as though fully set forth herein.

20. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant.

21. Jurisdiction is founded upon 15 U.S.C. § 1121.

22. RED is the owner of U.S. Registered Trademark Nos. 3,703,504, 3,732,638, 3,800,535, 3,804,193, and 3,832,666, for the mark "RED," which confers the exclusive right to use these trademarks in commerce in association with the identified goods. True and correct copies of U.S. registered Trademark No. 3,703,504, 3,732,638, 3,800,535, 3,804,193, and 3,832,666 are attached hereto as Exhibit 1-5, respectively.

23. The marks have been in use in commerce in connection with the sale of RED digital cameras and accessories continuously since at least as early as its date of issue. The marks appear clearly on packaging, advertisements, product brochures, and on products.

24. Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered for sale, and/or sold products embodying this registered mark without authority from RED for doing so. Specifically, Defendant is selling digital cameras with the marks "RED" and "REDUX," which Plaintiff believes infringes its rights in the registered trademark.

25. Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of RED's mark in commerce constitutes trademark infringement.

26. Plaintiff is informed and believes, and thereupon alleges, that Defendant's unauthorized use of RED's registered mark has caused or is likely to cause confusion in the marketplace as to the source of origin of Defendant's products and has caused damage to RED within this jurisdictional district.

27. Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademark with the intent to trade upon the good will of RED and to injure RED.

28. Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid

Complaint for Trademark Infringement

1 acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

29. Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the registered trade dress to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendant is enjoined by this court.

30. Plaintiff has been damaged in this judicial district as a result of the Defendant's infringement of its registered mark.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin, Unfair Competition and False Description Under 15 U.S.C. § 1125(a)

31. The allegations of paragraphs 1 through 18 are repled and realleged as though fully set forth herein.

32. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendants, pursuant to 15 U.S.C. § 1125(a).

33. Jurisdiction is founded upon 15 U.S.C. § 1121.

34. RED is the owner of the mark "RED," as evidenced by U.S. Registered Trademark No. 3,703,504, 3,732,638, 3,800,535, 3,804,193, and 3,832,666. RED has gained great recognition in the industry and the consuming public for its product using this mark, which has been widely recognized as emanating from RED.

35. Defendant was also aware of RED's use of this mark. RED is informed and believes, and thereupon alleges, that Defendant has designed products for use with RED's products. Consequently, RED is informed and believes, and thereupon alleges, that Defendant intentionally chose its marks to free ride on the goodwill and reputation of RED.

1   36. RED is informed and believes and thereupon alleges that Defendant's use of "RED" and "REDUX" constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the WGI products originated from or somehow is authorized by RED. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with RED.

37. The Defendant's acts are in violation of 15 U.S.C. § 1125(a), and will continue to the great and irreparable injury of RED unless enjoined by this Court.

38. RED is informed and believes, and thereupon alleges, that Defendant's unauthorized use of the REDUX mark has caused confusion, or is likely to cause confusion, in the marketplace as to the source of origin of Defendant's products and has caused damage to RED within this jurisdictional district.

39. RED is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademark with the intent to trade upon the good will of RED and to injure RED.

40. RED is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

41. RED is informed and believes, and thereupon alleges, that Defendant will continue to infringe RED's "RED" mark to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendants are enjoined by this court.

42. RED has been damaged in this judicial district as a result of the Defendant's infringement of its trademark.

WHEREFORE, Plaintiff RED, Inc. prays as follows:

1. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,703,504 for "RED," and that the trademark is

valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

   2. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,732,638 for "RED," and that the trademark is valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

   3. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,800,535 for "RED," and that the trademark is valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

   4. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,804,193 for "RED," and that the trademark is valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

   5. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,832,666 for "RED," and that the trademark is valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

   6. That Defendant, and its agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

     A. Using the mark "RED" or "REDUX," or any mark similar thereto in connection with the sale of its goods;

     B. Committing any acts which may cause purchasers to believe that the Defendant or its products are sponsored or authorized by, or are in any way associated with Plaintiff;

   C. Selling, passing off, or inducing or enabling others to sell or pass off any products as products produced by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; or

   D. Infringing Plaintiff's trademark rights;

7. That Defendant, its agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter from advertising or selling products in any manner that does or tends to dilute the distinctive value of RED's trademarks;

8. That Defendant be directed to file with this court and serve upon RED within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

9. That Defendant be required to account to RED for any and all profits derived by it, and all damages sustained by RED by reason of Defendant's trademark infringement, unfair competition and false designation of origin, together with interest and costs;

10. For all of Defendant's profits derived from their infringement of Plaintiff's trademark rights pursuant to 15 U.S.C. § 1117;

11. For treble damages under 15 U.S.C. § 1117;

12. That an award of reasonable costs, expenses, and attorney's fees be awarded against Defendants pursuant to 15 U.S.C. § 1116(a);

13. That Defendant be ordered to compensate RED in an amount equal to the amount of marketing and advertising costs that Defendant has expended to market and advertise its REDUX products, so that RED may run its own marketing and advertising campaign to disassociate the products of RED and Defendant, mitigate the damage caused by the likelihood of confusion, and

Complaint for Trademark Infringement

to recoup its lost market share or damages to its marketing and reputation; and

14. That RED have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: 6/27/13                                   WEEKS NELSON

                                                 _____
                                                 GREGORY K. NELSON
                                                 Attorney for Plaintiff, Red.com, Inc.

## JURY DEMAND

Plaintiff Red.com, Inc. hereby requests a trial by jury in this matter.

DATED: 6/27/13                                   WEEKS NELSON

                                                 _____
                                                 GREGORY K. NELSON
                                                 Attorney for Plaintiff, Red.com, Inc.