# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED.COM, INC., dba RED DIGITAL CINEMA, a Washington corporation,<br><br>Plaintiff,<br>vs.<br>WGI HOLDINGS, INC. dba WGI INNOVATIONS, LTD., a Texas corporation; SYNERGY OUTDOORS, LLC, a Louisiana limited liability corporation, and WILDGAME INNOVATIONS, LLC, a Louisiana limited liability corporation,<br><br>Defendants. | CASE NO. 13cv1490-WQH-JMA<br><br>ORDER |

HAYES, Judge:

    The Matter before the Court is the Motion for Leave to Amend the First Amended Complaint ("Motion for Leave to Amend"). (ECF No. 22).

## *BACKGROUND*

    On June 27, 2013, Plaintiff Red.com, Inc. initiated this action by filing a Complaint in this Court alleging trademark infringement, unfair competition and false designation of origin. (ECF No. 1).

    On September 30, 2013, Plaintiff filed a First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (ECF No. 15).

    On November 15, 2013, Plaintiff filed the Motion for Leave to Amend. (ECF

No. 22). Plaintiff seeks leave to file a second amended complaint to add a new party, WGI Innovations, Ltd. Plaintiff asserts that the motion was filed in response to "Defendants' conten[tion] that Defendant WGI Holdings, Inc. is not the proper party in this action but rather that WGI Innovations, Ltd. is the real party in interest." *Id*. at 2.

On December 2, 2013, Defendants filed an opposition to the Motion for Leave to Amend. (ECF No. 26). Defendants assert: "Now that WGI Innovations, Ltd. has a [related] action [seeking a declaratory judgment that WGI Innovations, Ltd. is not infringing on Red.com's trademarks] pending in the Northern District of Texas, Dallas Division, [Red.com] is seeking leave to amend ... to name WGI Innovations, Ltd." *Id*. at 2. Defendants assert that adding WGI Innovations, Ltd. as a party would be prejudicial to WGI Innovations, Ltd. because "[b]eing joined in this case rather than being allowed to seek to invalidate and cancel the RED mark for cameras, as well as have its lack of infringement determined in its home district and division [i.e., the Northern District of Texas, Dallas Division], is on its face prejudicial." *Id*. at 7-8.

On December 5, 2013, Plaintiff filed a reply in support of the Motion for Leave to Amend. (ECF No. 27).

On December 19, 2013, the United States District Court for the Northern District of Texas transferred the related, declaratory judgment action to this Court. *See WGI Innovations, Ltd. v. Red.com, Inc.*, S.D. Cal. Case No. 13-cv-3116-WQH-JMA.

*DISCUSSION*

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.

1  2004) (citing the *Forman* factors). "Not all of the [*Foman*] factors merit equal
2  weight.... [I]t is the consideration of prejudice to the opposing party that carries the
3  greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party
4  opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v.*
5  *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing
6  of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in
7  favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

8  While WGI Innovations, Ltd.'s complaint for declaratory relief was pending in
9  Texas, Defendants contended that WGI Innovations, Ltd. would be prejudiced if it is
10 not "allowed to seek to invalidate and cancel the RED mark for cameras, as well as have
11 its lack of infringement determined in its home district and division." (ECF No. 26 at
12 7-8). Now that WGI Innovations, Ltd.'s complaint for declaratory relief is pending in
13 this Court, the Court finds that Defendants have failed to show prejudice sufficient to
14 overcome the "*presumption* under Rule 15(a) in favor of granting leave to amend."
15 *Eminence Capital*, 316 F.3d at 1052.

16 IT IS HEREBY ORDERED that the Motion for Leave to Amend the First
17 Amended Complaint is GRANTED. (ECF No. 22). No later than ten (10) days from
18 the date this Order is filed, Plaintiff may file the proposed second amended complaint
19 which is attached to the Motion for Leave to Amend.

DATED: January 13, 2014

**WILLIAM Q. HAYES**
United States District Judge